UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAKARI D. CONNER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-08-0051-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 8, 2008. (Ct. Rec. 13, 16). Attorney Jeffrey Schwab represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13.)

**JURISDICTION**

Plaintiff protectively filed an application for SSI benefits on February 20, 2003, alleging onset as of November 1, 2001. (Tr.

90-94.)  The application was denied initially and on reconsideration. (Tr. 39-42, 44-46.)  Administrative Law Judge (ALJ) Mary Bennett Reed held the second supplemental hearing on January 31, 2006.  (Tr. 772-817.)  Plaintiff, represented by counsel, and vocational expert Fred Cutler testified.  On May 8, 2006, the ALJ issued a decision finding that plaintiff was disabled, but substance abuse materially contributed to the finding, barring eligibility. (Tr. 15-34.)  The Appeals Council denied a request for review on January 7, 2008.  (Tr. 7-10.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 4, 2008. (Ct. Rec. 1, 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 32 years old at onset and has at least a high school education.  (Tr. 31.)  Plaintiff has past relevant work as a home attendant, cook and kitchen helper, and motor vehicle dispatcher.  (*Id*.)  She alleges disability as of November 1, 2001, due to agoraphobia, post-traumatic stress disorder (PTSD), anxiety disorder NOS, a lymphatic excision, and right knee and back problems.  (Tr. 104.)

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability"

as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is

not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial

evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 15.) At steps two and three, the ALJ found that plaintiff suffers from a back disorder, hearing loss, and a personality disorder, impairments that are severe but which do not alone or combination meet or medically equal a Listing impairment. (Tr. 17, 27-28.) The ALJ found plaintiff less than fully credible. (Tr. 30.) Prior to step four, the ALJ found plaintiff has the following RFC when substance abuse is included: the ability to lift and carry 20 pounds occasionally, and ten frequently; sit 6 hours out of 8, stand and/or walk 6 hours out of 8; climb stairs or ramps occasionally; avoid kneeling and crawling; perform simple, repetitive tasks, and avoid interacting with the general public. Plaintiff is capable of superficial interaction with coworkers. Sudden changes require a longer time period to learn changes. Plaintiff has moderate limitations in remembering and understanding detailed instructions, in maintaining attention and concentration for extended periods, and in exposure to hazards and precautions. (Tr. 28.)

At step four, relying on the VE's testimony, the ALJ found plaintiff is unable to perform her past relevant work. (Tr. 30.)

At step five, again relying on the VE, the ALJ found there are no other jobs plaintiff can perform when substance abuse is included. (Tr. 31.) At step five the ALJ found plaintiff disabled. (Tr. 32.) The ALJ performed an analysis pursuant to *Bustamante*[1] to determine whether plaintiff would be disabled if she stopped abusing substances. (Tr. 32.) ALJ Reed found that even if not abusing substances, plaintiff would be unable to perform her past relevant work. (Tr. 33.) At the second step five, the ALJ found that if not abusing substances, there are other jobs a person with plaintiff's background and limitations could perform such as cafeteria attendant, sorter, food preparer, and assembler. (Tr. 34.) Because plaintiff would not be disabled if she stopped abusing substances, substance abuse is a contributing factor material to the disability determination. (*Id.*) Accordingly, the ALJ found that plaintiff is barred from receiving benefits under the Social Security Act. (*Id.*)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by giving "controlling weight" to the opinions of testifying psychological expert Susan Dragovich, Ph.D., examining psychologist Thomas R. McKnight, Ph.D., and agency consultant Edward Beaty, Ph.D. (Ct. Rec. 14 at 9-10).

The Commissioner responds that the ALJ appropriately weighed the medical evidence and asks that the decision be affirmed. (Ct. Rec. 17 at 7-10).

**DISCUSSION**

---

[1]*Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 8 -

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states

1 specific, legitimate reasons that are supported by substantial
2 evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44
3 F. 3d 1435, 1463 (9th Cir. 1995).

4     In addition to the testimony of a nonexamining medical
5 advisor, the ALJ must have other evidence to support a decision to
6 reject the opinion of a treating physician, such as laboratory
7 test results, contrary reports from examining physicians, and
8 testimony from the claimant that was inconsistent with the
9 treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747,
10 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th
11 Cir. 1995).

12     Plaintiff contends that the ALJ improperly relied on the
13 opinions of several psychologists (testifying psychologist Dr.
14 Dragovich, consulting psychologist Dr. Beaty, and examining
15 psychologist Dr. McKnight), and failed to give controlling or
16 appropriate weight to the opinions of other treating
17 professionals: Wendy Mason, ARNP (cited by plaintiff by reference
18 to Tr. 685-686 but not named), and Robert Ebel, PAC.  (Ct. Rec. 14
19 at 8-10.)  Plaintiff argues that the ALJ did not properly credit
20 the opinion of examining physician Robert Schneider, M.D., or the
21 July 21, 2005 opinion of examining psychologists Sean Caldwell,
22 M.S. candidate, under the supervision of Mahlon Dalley, Ph.D.
23 (Ct. Rec. 14 at 8-9).          Because the ALJ found plaintiff
24 disabled, the issue on review is whether she applied the correct
25 legal standards and substantial evidence supported her
26 determination that DAA is material to the disability
27 determination; i.e., whether plaintiff would be disabled if
28 substance abuse ceased.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                     - 10 -

DAA

To determine if plaintiff would still be disabled if substance abuse stopped, the ALJ relied in part on Dr. McKnight's April 18, 2003 evaluation. (Tr. 19, referring to Exhibit 15F at Tr. 519-526.) After conducting several tests, Dr. McKnight noted plaintiff's questionable effort and assessed a GAF of 70,[2] if plaintiff remained drug free. (Tr. 525.) With respect to this evaluation, the ALJ observed plaintiff complained to Dr. McKnight of panic attacks and difficulty being around other people. She reported migraine headaches, generally under good control with medication. Plaintiff used vicodin chronically, reportedly 2-3 times a week, as well as klonopin for panic attacks, although she currently being weaned from it. Plaintiff stopped attending counseling because the counselor kept falling asleep. She was treated in a psychiatric unit for 48 hours in 2000 or 2001 after police found her carrying a gun. Plaintiff admitted smoking marijuana daily as recently as October 2002. She used heroin once a week for 3-4 months in 2000 after the death of her mother. Plaintiff stopped working in December 2001 due to panic disorder and PTSD. After being sexually assaulted in October 2001, she filed charges, but nothing happened. She admitted being intoxicated at the time of the assault. Plaintiff

---

[2] A GAF (Global Assessment of Functioning) of 70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FOURTH EDITION (DSM-IV), at p. 32.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11 -

was arrested for drug possession and spent a night in jail when she was with someone who had drugs. (Tr. 19-20.)

The ALJ points out Dr. McKnight's observations and assessment:

> Effort during examination was episodically questionable, and she became somewhat agitated when challenged. At times, her behavior was rather passive-aggressive, and she refused to respond to specific questions during formal testing. There was no indication of anxiety or panic during the evaluation. She seemed slightly intoxicated, but there was no smell of alcohol or other substances. . . [Plaintiff's] MMPI-2 validity profile indicated she was attempting to create a rather pathological self-picture. Dr. McKnight reported she appeared to be functioning at least within the average range of measured intellectual ability and her memory on memory tasks was adequate. She denied any difficulty with daily living activities or personal care. She reportedly visited with others, had visitors, and attended parent-teacher meetings on occasion. She enjoyed shooting baskets and watching videos. . . . Dr. McKnight reported she did not have the signs and symptoms necessary for a diagnosis of [PTSD] or panic disorder. Dr. McKnight diagnosed anxiety disorder [NOS] by self-report, no current signs, cannabis abuse in remission by self-report, rule out current use, passive-aggressive and schizoid features, and global assessment of functioning of 70 (if drug free). Dr. McKnight opined that she was capable of pursuing a variety of jobs involving three step repetitive tasks, and had demonstrated greater vocational skill. She would probably work better in jobs that did not require ongoing contact with the public or significant interpersonal skills.

(Tr. 20.)

The ALJ relied on the testimony of Dr. Dragovich in assessing plaintiff's RFC. (Tr. 22-23, referring to Tr. 734-769). Dr. Dragovich reviewed the record (Tr. 735), which was later expanded (Tr. 772.) She opined that plaintiff's primary diagnosis is borderline personality disorder and substance abuse (marijuana dependence and use and abuse of prescription medications). PTSD, depression and anxiety/panic attacks are noted by treating

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 12 -

professionals as well as plaintiff to have resolved or are not present. (Tr. 736, 750, 752-754.) Dr. Dragovich opined that PTSD and panic are present in the record from February of 2003 until about June of 2004, with a "lot of problems with compliance." (Tr. 736.) Dr. Dragovich opined that when substance abuse is included, plaintiff has a moderate limitation in concentration and persistence, understanding and remembering detailed instructions, maintaining concentration and attention for extended periods, and perhaps for hazards and precautions (Tr. 739, 742), in addition to taking longer than normal to adapt to unanticipated changes in the workplace. (Tr. 740-741, 743.)

Dr. Dragovich disagreed with Mr. Caldwell and Dr. Dalley's 2005 diagnosis of somatoform disorder, finding that plaintiff's exaggerated response to medical problems is subsumed under the personality disorder category. (Tr. 743.) She pointed out that Caldwell and Dalley's assessed somatoform disorder and rule anxiety disorder NOS are confounded by drug usage, in that their evaluation indicates an extended period of abstinence is necessary to determine an accurate diagnosis. (Tr. 757.)

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible - an assessment not challenged on appeal. (Tr. 30-33.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility

determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when assessing credibility, including the lack of objective evidence supporting plaintiff's subjective complaints. (Tr. 30.) The ALJ points out that plaintiff's testimony that she is severely limited in the ability to sit, stand, walk and lift is under cut by MRI and x-rays showing "only mild degenerative disc disease without nerve root impingement," knee x-rays within normal limits despite testimony of knees giving way; and complaints of seizures with very little objective evidence supporting a significant ongoing problem.

The ALJ relied on plaintiff's inconsistent statements, noting she reported seizures began after a motor vehicle accident in 2004, yet later told Mr. Ebel, PAC, seizures began after a car accident on New Years in 2002. (Tr. 30.) Plaintiff told hospital staff she cut herself to relieve pain; a month later she reported

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 14 -

she had not cut herself in over a year. (Tr. 30.) The ALJ observes plaintiff over reported symptoms on the MMPI-2, performed inconsistently on other tests, failed to comply with mental health treatment recommendations, made statements about her substance abuse to treatment providers which was inconsistent with test results, and engaged in drug-seeking behavior. (Tr. 30.) Even applying the higher standard, the ALJ's unchallenged credibility determination is supported by clear and convincing reasons.

When she weighed the medical opinions and assessed plaintiff's RFC, the ALJ considered plaintiff's credibility, the objective medical evidence, the results of psychological testing, and the opinions of treating (Jason Cash, M.D.), examining (McKnight) and reviewing physicians (Scottolini, Beaty, Dragovich) that plaintiff is capable of at least a range of light work. (Tr. 32.)

Plaintiff contends the ALJ should have given controlling weight to the contradicted opinions of treatment providers and examining professionals (Caldwell and Dalley, Schneider, and PAC Ebel) rather than the opinions of Drs. McKnight, Beaty and Dragovich, that plaintiff' non-exertional limitations are *de minimus*. (Ct. Rec. 14 at 8-9.) Plaintiff's argument is unsupported by the record. It is clear that the ALJ's hypothetical included more than de minimus non-exertional limitations because ALJ Reed found plaintiff disabled when DAA is included.

The ALJ relied on evidence in addition to the testimony of the nonexamining medical advisor, Dr. Dragovich, in rejecting some of the other medical opinions. The ALJ rejected some of the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 15 -

opinions of examining psychologists Mr. Caldwell and Dr. Dalley based on the opinion of examining psychologist Dr. McKnight, a specific and legitimate reason. *See Magallanes*, 881 F. 2d at 751-52 (9th Cir. 1989); *Andrews*, 53 F. 3d at 1042-43 (9th Cir. 1995). The ALJ also relied on the notation in the later report (by Caldwell and Dalley) that their diagnosis was provisional, indicating that an extended period of abstinence is necessary to accurately diagnosis of the extent of plaintiff's anxiety disorder. (Tr. 25-26.)  This is a specific and legitimate reason.

Plaintiff appears to argue that the opinion of Robert Ebel, PAC, is entitled to controlling weight as a treating physician. (Ct. Rec. 14 at 9.)  As the Commissioner correctly observes, Mr. Ebel is not an acceptable medical source whose opinion is entitled to controlling weight. (Ct. Rec. 17 at 9.)   Plaintiff argues that to the extent the ALJ relied on Dr. Dragovich's opinion, remand is required because Dr. Dragovich did not have the benefit of the medical records submitted after the hearing. (Ct. Rec. 14 at 4-10).  Plaintiff alleges that
Dr. Dragovich's failure to make an Axis I diagnosis

"when all of the mental health counseling records since the protective filing date support an Axis I diagnosis, it cannot be overstated that these additional records are so material as to require remand."  (Ct. Rec. 14 at 6.)

Plaintiff's argument is flawed in several respects.  The ALJ considered the evidence submitted after Dr. Dragovich's testimony, and it is the ALJ who is ultimately responsible for weighing the medical evidence.  The ALJ rejected some of the contradicted medical opinions, as noted, based on specific legitimate reasons

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 16 -

supported by substantial evidence.  The ALJ found plaintiff disabled when DAA is included, relying on evidence in addition to Dr. Dragovich's testimony, including Dr. McKnight's opinion.  The ALJ found that with respect to anxiety disorder and PTSD (the Axis I diagnosis plaintiff contends Dr. Dragovich improperly omitted), "mental health records have consistently shown that her depressive and anxiety symptoms were significantly improved on medications." (Tr. 33, referring in part to Exhibit 3F, 12F at Tr. 426.)  Dr. Dragovich and the ALJ referred to the records submitted at the hearing. (Tr. 750-757.)

The records submitted after the hearing do not change the analysis.  The Commissioner correctly points out that the ALJ specifically addressed this evidence, accurately characterized as a fairly detailed history of plaintiff's continued abuse of marijuana and prescription pain medications, as well as noncompliance with treatment plans and goals.  (Ct. Rec. 17 at 8, referring to Tr. 23, 600, 602. 612, 618, 648, 654, 662, 674, 682, and 684).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons for finding

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 17 -

plaintiff's allegations not fully credible. The ALJ weighed the medical evidence and found plaintiff disabled when DAA is included. The ALJ failed to adopt the opinions of some treating and examining professionals. Instead, she relied on the opinions of other treating, examining and consulting physicians, plaintiff's credibility, the results of psychological testing, and other medical test results.

The ALJ's assessment of the medical and other evidence is supported by the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this ___ day of October, 2008.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
